Roy J. WHITEHEAD, Plaintiff–
Appellant,

v.

COLLIER COUNTY SHERIFF'S
OFFICE, Defendant–
Appellee.

No. 05–2149.

United States Court of Appeals,
Tenth Circuit.

Sept. 28, 2005.

Roy J. Whitehead, Las Cruces, NM, pro
se.

Before BRISCOE, LUCERO, and
MURPHY, Circuit Judges.

ORDER AND JUDGMENT*

MICHAEL R. MURPHY, Circuit
Judge.

After examining appellant's brief and
the appellate record, this court has deter-
mined unanimously that oral argument
would not materially assist the determina-
tion of this appeal. *See* Fed. R.App. P.
34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral
argument.

Appellant Ray J. Whitehead, a former
prisoner, filed a complaint pursuant to 42
U.S.C. § 1983 in federal district court, as-
serting violations of his federal civil rights.
Specifically, Whitehead alleged that since
taking part in a 1996 evidentiary hearing
while he was in the custody of Defendant,
he has been tortured by voices and visions.
He further asserts that the alleged torture
has resulted in the denial of his right to
due process of law, access to the courts,
and freedom of religion. In a motion filed

with the district court, Whitehead stated
that he was "being tortured electronically"
by means of "a cell phone in his teeth."
The district court granted Whitehead's
motion to proceed *in forma pauperis* but
dismissed his complaint *sua sponte* pursu-
ant to 28 U.S.C. § 1915(e)(2), concluding
that it failed to state a claim. *See Neitzke
v. Williams,* 490 U.S. 319, 328, 109 S.Ct.
1827, 104 L.Ed.2d 338 (1989). Whitehead
appealed.

We have reviewed the record, the appel-
late briefs, and the applicable law and
conclude that the dismissal of Whitehead's
§ 1983 complaint was proper. According-
ly, the district court's order dismissing
Whitehead's complaint is **affirmed** for sub-
stantially the reasons stated in the district
court's order dated May 12, 2005.

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata and collateral estoppel.
The court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.